UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ASHLEY FAYNE | CIVIL ACTION |
| VERSUS | NO: 22-04967 |
| KIOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | SECTION: T (4) |

## ORDER AND REASONS

Before the Court is claimant's objection (R. Doc. 12) to the Magistrate Judge's Report and Recommendation. R. Doc. 11. For the reasons set forth below, the Court will not adopt the Magistrate's Recommendation but will reverse the decision of the Administrative Law Judge ("ALJ"), and remand for further proceedings.

BACKGROUND

The claimant, Ashley Fayne ("Fayne"), seeks judicial review pursuant to Title 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security. The Commissioner terminated Fayne's Supplemental Security Income Benefits under Title XVI of the Social Security Act, Title 42 U.S.C. § 1382 et. seq. The matter was referred to the Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 19.02E(b). The Magistrate filed a Report and Recommendation recommending the ALJ's decision be affirmed. R. Doc. 11.

Fayne was a 31-year-old female on the disability onset date with two years of college education and past relevant work experience as a legal assistant and loan processor. In her

applications, Fayne alleged that she became disabled on May 1, 2019, because of bipolar disorder, depression, anxiety, and attention deficit hyperactivity disorder. After reviewing the evidence and conducting a hearing, the ALJ issued an unfavorable decision on May 2, 2022. Fayne filed a request for review of the ALJ's decision, but the Appeals Council denied this request on October 11, 2022. She now seeks judicial review under 42 U.S.C. § 405(g).

Fayne contends the ALJ's decision is not based on substantial evidence because the ALJ allegedly failed to evaluate the medical opinion issued by Dr. Robert Gervey. Fayne also contends the ALJ failed to mention Dr. Gervey's testimony in his decision. Fayne alleges the ALJ failed to assess Fayne's ability to sustain regular employment. Therefore, Fayne seeks either a reversal or alternatively remand.

The Commissioner contends the ALJ properly considered the medical evidence. The Commissioner further contends that substantial evidence supports the ALJ's step five finding. Finally, the Commissioner contends that the evidence does not warrant an award of benefits.

LAW AND ANALYSIS

The Magistrate Judge correctly set forth the applicable law and standard of review. To receive disability benefits, a claimant must be "disabled" as defined by the Social Security Act. *See* 42 U.S.C. §§ 423(a)(1)(D), 1382(a). The role of the Court on judicial review under Title 42 U.S.C. § 405(g) is limited to determining whether (1) the final decision is supported by substantial evidence, and (2) whether the Commissioner used the proper legal standards to evaluate the evidence. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). The Court may not re-weigh the

2

evidence, try issues de novo, or substitute its judgment for that of the Secretary. *See id.* If supported by substantial evidence, then the Secretary's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see also Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981) (citations omitted).

"Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). "It is more than a mere scintilla and less than a preponderance." *Id.* (citation omitted). It must do more than create a suspicion of the existence of the fact to be established, but no "substantial evidence" will be found when there is only a "conspicuous absence of credible choices" or "no contrary medical evidence." *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973).

A single piece of evidence will not satisfy the substantiality test if the ALJ ignores, or fails to resolve, a conflict created by countervailing evidence. *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). Evidence is not substantial if it is overwhelmed by other evidence, particularly that offered by treating physicians. *See id.*

The Magistrate Judge first addressed Fayne's claim that the ALJ failed to follow the proper legal procedure because he allegedly neglected to evaluate Dr. Gervey's medical opinions, especially his opinion testimony at the hearing. Fayne further contends Dr. Gervey's opinion shows that she had marked or even extreme limitations in maintaining concentration, that she was "frequently distracted," had "significant attentional problems," and was "unable to consistently

3

process stimuli including work instructions." Fayne contends Dr. Gervey's opinion as well as her inability to maintain employment support an extreme or marked impairment in her ability to concentrate.

The Magistrate Judge concluded the ALJ had properly evaluated the medical evidence. The Magistrate Judge found that the ALJ had considered the written opinion letter of Dr. Gervey which detailed in summary form his findings and conclusions. The Magistrate Judge noted that the ALJ had considered not only Dr. Gervey's treatment history and his letter sent at Fayne's request, but also other evidence provided by Fayne, and ultimately determined that Fayne's function limitations were moderate. The Magistrate Judge reviewed the testimony given by Dr. Gervey at the hearing. R. Doc. 11, p. 8. However, the Magistrate Judge concluded that, although the actual testimony of Dr. Gervey was not mentioned in the ALJ's opinion, "this omission was not material as there is no variation in the quality or degree of Dr. Gervey's opinion regarding Fayne's diagnosis, limitations, functionality, or ability to work. The Magistrate Judge found that any error in the ALJ's not referencing the testimony was not shown to have affected her substantial rights.

In her objection, Fayne maintains the law requires that adjudicators "will consider" medical opinions from a treating source and further, "will articulate...how persuasive we find *all* (emphasis added) of the medical opinions...in your case record." 20 CFR §404.1520c (a)(b). Fayne points to the testimony of Dr. Gervey, which was not mentioned or addressed by the ALJ, that Fayne's ability to maintain concentration and to persist at tasks was "significantly impaired," even "drastically." R. Doc. 12, p. 2. Fayne points out that Dr. Gervey further elaborated: "she is

4

unfortunately unable to do the most menial tasks on a regular basis…." (Tr. 45). *Id.* Thus, she maintains, Dr. Gervey testified that her conditions resulted in a marked if not extreme, impairment on her ability to sustain attention and concentration, which was in direct conflict with the ALJ's finding of only a moderate impairment. *Id.*

After reviewing the record, the Court finds that the ALJ failed to conduct an analysis of the persuasiveness, if any, of both Dr. Gervey's written opinion and testimonial opinion as to Fayne's ability to concentrate or process and follow work instructions and, thus, he failed to follow a clear legal standard. The ALJ had no discretion to ignore the instruction in 20 CFR §404.1520c (a)(b). Fayne deserved the benefit of the ALJ's evaluation of the persuasiveness of Dr. Gervey's written opinion and opinion testimony. The Court declines to find any error by the ALJ harmless, thereby meriting a remand to the ALJ to perform the analysis required by regulation. *See Schofield v. Saul*, 950 F.3d 315 (5th Cir. 2020).

The Court declines to adopt the Report and Recommendation of the Magistrate Judge. Accordingly,

**IT IS ORDERED** that the decision of the ALJ is REVERSED and this matter is remanded for further proceedings consistent with this Order.

New Orleans, Louisiana, this 4th day of April 2025.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE